UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHERYL DESANTIS, Individually, and as Administratrix of the Estate of ANTHONY DESANTIS, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> L'ORÉAL USA, INC.; L'ORÉAL USA PRODUCTS, INC.; WELLA OPERATIONS US, LLC; CLAIROL and JOHN PAUL MITCHELL SYSTEMS, inclusive <br><br> Defendants. | Case No. 1:26-cv-4266 <br><br> Hon. |

TO:    THE JUDGES FOR THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF NEW YORK

**PLEASE TAKE NOTICE**, that Defendant Wella Operations US LLC ("Removing Defendant") by and through undersigned counsel, hereby removes this action entitled *Cheryl Desantis, Individually, and as Administratrix of the Estate of Anthony Desantis, Deceased v. L'Oréal USA, Inc., et al.*, filed in the Supreme Court of the State of New York, to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1332, 1441.[1] As required by 28 U.S.C. § 1446(a), Removing Defendant sets forth below a short and plain statement of the grounds for removal:

---

[1] By removing this action to this Court, Removing Defendant does not waive any defenses, objections, or responsive pleadings available under State or Federal law.  Removing Defendant expressly reserves the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal for lack of personal jurisdiction, improper venue, forum *non conveniens*, res judicata, or on any other applicable grounds.

## BACKGROUND AND PROCEDURAL HISTORY OF THE REMOVED ACTION

1.    On May 21, 2026, Plaintiff Cheryl Desantis, Individually, and as Administratrix of the Estate of Anthony Desantis, Deceased, filed a Summons and Verified Complaint in the Supreme Court of the State of New York, New York County, which has not yet been assigned an index number, naming the Removing Defendant as well as L'Oréal USA, Inc., L'Oréal USA Products, Inc., Clairol, and John Paul Mitchell Systems (collectively, "Defendants"). Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of Plaintiff's Summons and Verified Complaint is attached hereto as **Exhibit A.**

2.    According to the Verified Complaint filed in the Supreme Court of the State of New York, County of New York (the "State Court Action"), Plaintiff alleges that Plaintiff/Decedent Anthony Desantis developed bladder cancer and subsequently died as a result of alleged exposure to Defendants' hair dye products. *See* **Exhibit A** (Verified Complaint) ¶ 8. Plaintiff further seeks past and future general damages, past and future economic and special damages, past medical expenses, past and future pain and suffering damages, punitive or exemplary damages, attorneys' fees, costs, and interest. *See id.* at 44-45 (Relief Requested).

3.    Removing Defendant has not been properly served and joined in this action. Upon information and belief, none of the other named Defendants have been properly joined and served in this action, including L'Oréal USA, Inc. and L'Oréal USA Products, Inc., which are alleged to be citizens of New York ("Forum Defendants").

4.    As such, Removing Defendant files this Notice of Removal solely on its own behalf and without Forum Defendants' consent, which is not required as they have not yet, upon information and belief, been properly joined and served.

5.    No further pleadings have been filed, and no proceedings have yet occurred in the State Court Action.

**GROUNDS FOR REMOVAL**

6.      This action may be removed under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      Generally, a Notice of Removal must be filed within 30 days after the receipt by a defendant of the initial pleadings. 28 U.S.C. § 1446(b)(1). The Supreme Court has clarified that the 30-day period does not begin to run until the plaintiff has effectuated formal service of process. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, (1999).

8.      Plaintiff filed the Summons and Verified Complaint on May 21, 2026. *See* **Exhibit A**.

9.      Therefore, Removing Defendant has timely filed this Notice of Removal as the 30-day period for removal has not yet been triggered.

10.     As Plaintiff filed the State Court Action in the Supreme Court of the State of New York, County of New York, pursuant to 28 U.S.C. § 1441(a), venue properly lies in the United States District Court for the Southern District of New York, the district embracing New York County.

11.     As further explained below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and 1441 because each of the requirements for removal are satisfied: (1) complete diversity exists among the parties prior to any forum defendant being properly joined and served in accordance with *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019); and (2) the amount in controversy exceeds $75,000, exclusive of interests, fees, and costs.

12.     Thus, removal is proper pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446.

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

**A.**    **Complete Diversity of Citizenship Exists Under *Gibbons v. Bristol-Myers Squibb Co.***

13.    This Court has original jurisdiction over the parties under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and all Defendants and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Diversity of citizenship between Plaintiff and all Defendants existed at the time Plaintiff filed the Summons and Complaint and continues to exist as of this removal.

14.    Plaintiff's Summons identifies Plaintiff Cheryl Desantis' address as 13961 East Marina Drive, Apt. 512, Aurora, Colorado 80014. *See* **Exhibit A** at Summons. For purposes of diversity jurisdiction, Plaintiff Cheryl Desantis, as Administratrix of the Estate of Anthony Desantis, Deceased, is deemed a citizen of Colorado pursuant to 28 U.S.C. § 1332(c)(2). Plaintiff is therefore a citizen of Colorado. *See* **Exhibit A** at Summons. For the purposes of this Notice, Plaintiff's residence is sufficient to establish that Plaintiff is a citizen of Colorado. *See, e.g., Diego Beekman Mut. Hous. Ass'n Hous. Dev. Fund Corp Hdfc. v. Dish Network, L.L.C.*, No. 15 Civ. 1094, 2016 WL 1060328, at *7 (S.D.N.Y. Mar. 15, 2016) ("[A]n individual's residence at the time a lawsuit is commenced provides prima facie evidence of his domicile – which in turn determines citizenship.") (citations and internal quotation omitted).

15.    For the purposes of diversity, a corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

16.    The erroneously named defendant Clairol is not a separate entity but a brand name under Wella Operations US LLC. Wella Operations US LLC is formed in Delaware and maintains its principal place of business in California. Wella Operations US LLC is an indirect wholly owned subsidiary of Waves UK DivestCo Ltd, which is a United Kingdom company. Thus, for diversity

purposes, the erroneously named Clairol and Wella Operations US LLC are citizens of Delaware, California, and the United Kingdom, and are completely diverse from Plaintiff.

17. L'Oréal USA, Inc. is incorporated in Delaware and maintains its principal place of business in New York, New York.

18. L'Oréal USA Products, Inc., is incorporated in Delaware and maintains its principal place of business in New York, New York.

19. John Paul Mitchell Systems is incorporated in California and maintains its principal place of business in California. Thus, for diversity purposes, John Paul Mitchell Systems is a citizen of California and is completely diverse from Plaintiff.

20. Thus, for diversity purposes, L'Oréal USA, Inc. and L'Oréal USA Products, Inc. are citizens of Delaware and New York, Wella Operations US LLC and the erroneously named Clairol are citizens of Delaware, California, and the United Kingdom, and John Paul Mitchell Systems is a citizen of California. Accordingly, all Defendants are completely diverse from Plaintiff, a citizen of Colorado.

21. Under the Second Circuit Court of Appeal's decision in *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019), complete diversity exists because Plaintiff is a citizen of Colorado and no Forum Defendant has been properly joined and served. The diversity requirement of 28 U.S.C. § 1332(a)(1) is therefore satisfied given that Plaintiff is a citizen of Colorado and because none of the Defendants in this case have been properly joined and served, even assuming some of their respective citizenship is New York.

22. The "forum defendant rule" provides that "[a] civil action otherwise removable solely on the basis of [diversity] … may not be removed if any of the parties in interest properly

joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

23.    As none of the named forum Defendants have been "properly joined and served," pursuant to 28 U.S.C. § 1441(b), this action is removable even assuming some of the Defendants are citizens of the State of New York where this action was brought.

24.    In *Gibbons v. Bristol-Myers Squibb*, the Second Circuit decisively resolved the "split among district courts" regarding the application of the forum defendant rule in situations such as this where a plaintiff filed an action in the state where a named defendant is a citizen, holding that "28 U.S.C. § 1441(b)(2) is no barrier to the removal." 919 F.3d 699, 705 (2d Cir. 2019).

25.    The Second Circuit explained that "[b]y its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law." *Id.* "Put simply,        the result here – that a home-state defendant may in limited circumstances remove actions filed    in state court on    the basis of    diversity    of citizenship –    is    authorized by the text of Section   1441(b)(2) and is neither absurd nor  fundamentally unfair." *Id.*  at  707. Thus, "the forum defendant rule "is inapplicable until a home-state defendant has been served in accordance with state law." *Uzoigwe v. Charter Commc'ns, LLC*, No. 24-1399-cv, 2025 WL 1257578, at *1 (2d Cir. May 1, 2025) (internal citations omitted).

26.    The Second Circuit has applied precedent from the Supreme Court of the United States to hold that when dealing with issues of statutory construction, when the language in the statute is unambiguous, the court's sole function is to enforce the statute according to its plain terms. *See Salazar v. Nat'l Basketball Ass'n*, 118 F.4th 533, 550 (2d Cir. 2024) (citing *Bostock v.*

6

*Clayton County, Georgia*, 590 U.S. 644, 653 (2020)); *see also id.* at 674 ("[W]hen the meaning of the statute's terms is plain, [the court's] job is at an end.").

27.    The language of 28 U.S.C. § 1441 is unambiguous. Removal is prohibited *only* where a defendant, who is a resident of the forum state, has been "properly joined and served." 28 U.S.C. § 1441(b). For this reason, the Second Circuit has held that it had "no reason to depart from [Section 1441(b)(2)'s] express language," which permits "a home-state defendant" to "remove actions filed in state court on the basis of diversity of citizenship [because it] is authorized by the text of Section 1441(b)(2) and is neither absurd nor fundamentally unfair." *Gibbons*, 919 F.3d at 707.

28.    Moreover, in line with Second Circuit precedent, multiple New York federal courts have applied the plain language of the federal removal statute to permit removal of an action before a forum defendant was properly joined and served. *See, e.g.*, *Henderson v. Radegen Sports Mgmt. LLC, et al.*, No. 25 CIV 1020 (AT), 2025 WL 3482782, at *1 (S.D.N.Y. Dec. 3, 2025) (denying motion to remand based on the forum defendant rule because "[i]n *Gibbons*, the Second Circuit held that the unambiguous test of § 1442(b)(2) provides that the forum defendant rule is 'inapplicable until a home-state defendant has been served in accordance with state law.") (quoting *Gibbons*, 919 F.3d at 705)); *Cavanaugh v. Northwell Health, Inc.*, No. 21-CV-1381 (EK)(ARL), 2025 WL 904314, at *4 n. 3 (E.D.N.Y. Mar. 24, 2025) ("[I]n its removal notice, [Defendant] averred that it had not yet been joined or served in the state court action. … This turns out to matter, given the text of the home-state defendant rule: the rule is 'inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removal under Section 1441(a),' even by the home-state defendant itself, 'so long as a federal district court can assume jurisdiction over the action.'") (quoting *Gibbons*, 919 F.3d at 705)); *Doe v. Roman*

7

*Catholic Diocese of Erie, Pennsylvania*, No. 3:20-CV-0257 (LEK) (ML), 2021 WL 790834, at \*4 (N.D.N.Y. Mar. 2, 2021) (denying motion to remand a removed action by a forum defendant, in part, because "removal [was] proper, as it occurred before [the] Forum Defendant had been 'properly joined and served.'") (quoting *Gibbons*, 919 F.3d at 705)); *Castro v. Colgate-Palmolive Co.*, No. 19-CV-279 (JLS), 2020 WL 2059741, at \*3 (W.D.N.Y. Apr. 29, 2020) ("The Second Circuit's reasoning leaves no play in the joints that would help [Plaintiffs] here. … [The Second Circuit] makes clear that snap removal is, in itself, the limited circumstances that allows a home-state defendant to do what otherwise would be prohibited by the plain test of Section 1441(b)(2).")).

29.    Accordingly, in line with Second Circuit precedent as applied by multiple courts within this Circuit, there is no limitation on Removing Defendant's right to remove based on the purported New York citizenship of any of the other named defendants.

**B.    Doe Defendants are Disregarded for Diversity Purposes**

30.    Any potential "Doe" defendants are nominal to this action and do not defeat diversity jurisdiction.

31.    "Until [plaintiff] has identified the Doe defendants or stated an actionable claim against these fictitious parties, at least as to class or category or participation in acts alleged in the complaint, the Doe defendants must be regarded as nominal and not competent to defeat diversity jurisdiction." *Lee v. Jarecki*, No. 18 CIV. 9400 (CM), 2019 WL 948881, at \*5 (S.D.N.Y. Feb. 14, 2019) (citing *Block v. First Blood Assocs.*, 691 F. Supp. 685, 697 (S.D.N.Y. 1988)).

32.    Plaintiff does not make any specific allegations against any potential "Doe" defendants. *See* Verified Complaint, generally.  Thus, the presence of "Doe" defendants does not defeat diversity jurisdiction.

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

33.    "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

34.    As held by the United States Supreme Court, "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

35.    Where this is not expressly stated in the initial pleading, "the notice of removal may assert the amount in controversy if the initial pleading seeks: (i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded;" and "removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in Section 1332(a) [i.e. $75,000]." 28 U.S.C. § 1446(c)(2)(A), (B).

36.    Under New York state law, personal injury plaintiffs may only state "whether or not the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction." N.Y. C.P.L.R. 3017(c).

37.    The Verified Complaint includes no such statement. *See* **Exhibit A**, generally.

38.    Where such a statement is not included in the initial pleading, New York courts require that a removing defendant's "notice of removal [] include 'a plausible allegation' that the amount in controversy exceeds the jurisdictional threshold." *Thomas v. J.B. Hunt Transp., Inc.*, No. 23-cv-06889 (DEH), 2023 WL 8233137, at *2 (quoting *Dart*, 574 U.S. at 89).

39.     Stated differently, a removing defendant must show by a preponderance of the evidence that the amount-in-controversy exceeds the diversity threshold. *See* 28 U.S.C. § 1446(c)(2)(B) (enacted by Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112–63, § 103(b)(3)(C), 125 Stat. 758, 760).

40.     Economic damages, non-economic damages, and punitive damages are all included in determining the amount in controversy. *See Peoples Club of Nig. Int'l v. Peoples Club of Nig. Int'l – N.Y. Branch,* 821 Fed. App'x. 32, 35 (2d Cir. 2020) ("Punitive damages available under state law can help a plaintiff meet the jurisdictional requirement even where they make up the bulk of the amount in controversy"); *Bracken v. MH Pillars Inc.*, 290 F. Supp. 3d 258, 262 (S.D.N.Y. 2017) ("The amount in controversy requirement may be met by a combination of economic and non-economic losses and punitive damages, so long as the punitive damages are permitted under the controlling law.").

41.     In her Verified Complaint, Plaintiff alleges that Plaintiff/Decedent Anthony Desantis developed bladder cancer and subsequently died as a result of alleged exposure to Defendants' hair dye products and seeks damages that include past and future general damages, past and future economic and special damages, past medical expenses, past and future pain and suffering damages, punitive or exemplary damages, attorneys' fees, costs, and interest. *See* **Exhibit A** at 44-45 (Relief Requested).

42.     Given the nature and extent of the alleged injuries and damages, there is a reasonable probability that Plaintiff's initial pleading places at issue an amount in controversy that exceeds $75,000, exclusive of interest and costs.[2] *See Nasrallah v. Helio De*, Case No. 96-CV-

---

[2] For purposes of this Notice of Removal only, Removing Defendant accepts the reasonable probability that Plaintiff's initial pleading places at issue an amount in controversy that exceeds $75,000. Removing Defendant does not admit or concede the truth of any of Plaintiff's claims or that Plaintiff is entitled to relief in that amount or any amount

8727 (SS), 1998 WL 152568, at *3 (S.D.N.Y. Apr. 2, 1998) ("Particularly in a tort case alleging serious injury with unliquidated damages and no statutory cap, it would be the extraordinary case where a court could say to a legal certainty that the damages asked for could not be achieved."); *see also Henderson*, 2025 WL 3482782, at *2 ("Nothing on the face of the Complaint—which seeks 'damages for emotional distress, lost wages, back pay, front pay, … [and] medical expenses … causes the Court to question the amount in controversy."); *Doe v. Roman Catholic Diocese of Erie, Pennsylvania*, 2021 WL 790834, at *3 ("[T]he Complaint, filed in state court, does not contain a request for a specific amount of damages. … The Complaint alleges that, as a result of Defendants' alleged negligence, Plaintiff 'sustained … physical, emotional, and psychological injuries … along with pain and suffering. … The Court easily finds the requisite 'reasonable probability' that damages exceed $75,000."); *In re Eliquis (Apixaban) Prods. Liab. Litig.*, No. 17MD2754 (DLC), 2018 WL 1394179, at *2 (S.D.N.Y. Mar. 19, 2018) (denying Plaintiffs' motion to remand and finding "there is more than a reasonable probability that the amount in controversy" was met based on the alleged injuries of "strokes, life-threatening gastrointestinal bleeding, and even death" as "the damages sought would address not only the alleged injuries themselves, but damages for pain and suffering, loss of income, and attorney's fees.")

43.     This includes Plaintiff's claimed entitlement to punitive damages, which may be considered in determining the amount in controversy. *See Bell v. Preferred Life Assur. Soc. Of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) (including demand for punitive damages in determining the amount in controversy).

44.     Plaintiff's claim for damages therefore exceeds the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

---

whatsoever. Indeed, Removing Defendant expressly denies all of Plaintiff's allegations, contentions, purported causes of actions, claims, and damages, and reserves all defenses and rights.

## REMOVAL IS OTHERWISE PROPER BASED ON ALL PROCEDURAL REQUIREMENTS

**A.      Complete Diversity Exists**

45.      Plaintiff is a resident and citizen of Colorado.  *See* **Exhibit A** ¶ 1.

46.      Pursuant to 28 U.S.C. § 1332(c)(2), the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent. Plaintiff/Decedent Anthony Desantis was a resident and citizen of Colorado. Accordingly, Plaintiff Cheryl Desantis, Individually and as Administratrix of the Estate of Anthony Desantis, Deceased, is deemed a citizen of Colorado for diversity purposes.

47.      For diversity purposes, Removing Defendant Wella Operations US LLC is a citizen of Delaware, California, and the United Kingdom. Defendants L'Oréal USA, Inc. and L'Oréal USA Products, Inc. are citizens of Delaware and New York. The erroneously named defendant Clairol is a brand name under Wella Operations US LLC and therefore is likewise a citizen of Delaware, California, and the United Kingdom. Defendant John Paul Mitchell Systems is a citizen of California. Therefore, all Defendants are completely diverse from Plaintiff.

48.      As neither the Removing Defendant nor any of the remaining named New York defendants have been properly joined and served, assuming for purposes of this Notice of Removal that some Defendants are citizens of New York, the forum defendant rule is not an impediment to removal under 28 U.S.C. § 1441(b). *See Gibbons*, 919 F.3d at 707.

49.      Accordingly, diversity jurisdiction exists to remove this action from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York.

12

**B.      Removal is Timely**

50.      Removal is timely under 28 U.S.C. § 1446(b) because this notice was filed prior to any forum defendant being properly joined and served. *See* 28 U.S.C. § 1441(b)(2); *see also Gibbons*, 919 F.3d at 707.

**C.      Venue is Proper**

51.      Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

52.      Removal to this District Court is proper because the Southern District of New York embraces New York County where the State Court Action is now pending. *See* 28 U.S.C. § 112; *see also* 28 U.S.C. § 1441(a).

**D.      Filing of Removal Papers**

53.      Pursuant to 28 U.S.C. § 1446(a), Removing Defendant avers that a copy of all process, pleadings, and docket entries in the State Court Action are attached hereto. *See* **Exhibit B**.

54.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel, and a copy is being filed with the Clerk of the Supreme Court of the State of New York, County of New York.

**WHEREFORE**, Removing Defendant hereby gives notice that the above titled state court action, formerly pending in the Supreme Court of the State of New York, New York County, has been removed to the United States District Court for the Southern District of New York.

Dated: New York, New York
       May 21, 2026

**VENABLE LLP**

Tara L. Pehush
151 West 42nd Street, 49th Floor
New York, NY 10036
Telephone: (212) 307-5500
TLPehush@Venable.com

*Attorneys for Defendant Wella Operations
US LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies under penalty of perjury under the laws of the State of New York that, on the date given below, she caused to be served a copy of NOTICE OF REMOVAL and all attachments thereto upon the following person(s) via Electronic Mail:

Jonathan M. Sedgh, Esq.
MORGAN & MORGAN
199 Water Street, Suite 1500
New York, NY 10038
Phone: (212) 738-6839
jsedgh@forthepeople.com

*Attorneys for Plaintiff Cheryl Desantis, Individually*
*and as Administratrix of the Estate of Anthony Desantis, Deceased*

Dated this 21st of May, 2026, at New York, New York.


_____
                    Tara L. Pehush

15