June 11, 2026

<u>VIA CM/ECF AND EMAIL</u>
The Honorable Naomi R. Buchwald
United States District Court for the Southern District of New York
500 Pearl Street, Courtroom 21A
New York, New York 10007-1312

RE: *Desantis v. L'Oréal USA, Inc., et al.*, No. 1:26-cv-4266-NRB

Dear Judge Buchwald:

L'Oréal USA, Inc., L'Oréal USA Products, Inc., Wella Operations US LLC, Clairol,[1] and John Paul Mitchell Systems (collectively, "Defendants") respectfully submit this letter pursuant to the Court's Individual Practices to request a pre-motion conference regarding Defendants' anticipated motion to dismiss Plaintiff's Complaint in its entirety. Defendants intend to move to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) on three grounds: (i) lack of personal jurisdiction over certain defendants; (ii) Counts I-V are ultimately under Colorado law pursuant to CPLR 202; and (iii) failure to state a claim.

## I.      Plaintiff's Allegations

Both Plaintiff, the administratrix of Mr. Anthony Desantis' estate, and the decedent, Anthony Desantis ("Mr. Desantis") are (or were) residents of Colorado. Compl. ¶¶ 1, 28. Plaintiff alleges that Mr. Desantis worked as a cosmetologist and was exposed to hair dye products while residing and working in Colorado from 1964 through 2023. *Id.* ¶¶ 5, 27-28. Plaintiff further alleges that Mr. Desantis was diagnosed with bladder cancer "in August of 2023" as a result of that exposure and died on May 21, 2024.[2] *Id.* ¶ 2. The Complaint does not identify any specific product that Mr. Desantis used or when he used any such products. Instead, it collectively defines the "PRODUCTS" as a broad group of brands and products associated with the named Defendants, without identifying any specific product allegedly responsible for Mr. Desantis' injuries. *Id.* ¶ 7.

## II.     Summary of Argument

### A.      Defendants Intend to Move to Dismiss for Lack of Personal Jurisdiction

Defendants Wella Operations US LLC ("Wella") and John Paul Mitchell Systems ("JPMS") intend to move to dismiss for lack of personal jurisdiction under Rule 12(b)(2). First, the Complaint does not establish general jurisdiction over Wella or JPMS. A corporate defendant is subject to general jurisdiction where it is "essentially at home" in the state, which is typically limited to the corporation's place of incorporation and principal place of business. *See Daimler AG v. Bauman*, 571 U.S. 117, 139 & n.19 (2014) (quoting *Goodyear Dunlop Tires Ops., SA. v. Brown*, 564 U.S. 915, 919 (2011)); *see also Brown v. Lockheed Martin Corp.,* 814 F.3d 619, 627

---

[1] "Clairol" is not a separate legal entity but rather a brand within Wella Operations US LLC. "Clairol" is therefore improperly named in Plaintiff's Complaint.

[2] The Complaint contains inconsistent allegations regarding Mr. Desantis' date of death. *Compare* Compl. ¶ 2 (alleging death on May 21, 2024), *with id.* ¶ 108 (alleging death on August 22, 2024). Defendants cite the date alleged in Paragraph 2 solely for purposes of this letter.

The Hon. Naomi R. Buchwald
June 11, 2026
Page 2

(2d Cir. 2016) ("[E]xcept in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business").

The Complaint does not allege that Wella or JPMS are incorporated in New York or maintain a principal place of business there.[3] *See* Compl. ¶¶ 15, 19. Nor does it suggest this is an "exceptional case" where these defendants are "essentially at home" in a forum where they are not headquartered or incorporated. Plaintiff's vague allegations that "Defendants" sell products in New York (*id.* ¶¶ 20, 34) are insufficient to confer general jurisdiction. *See Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 290 (S.D.N.Y. 2015) (product sales in New York insufficient for general jurisdiction) (citing *Daimler,* 571 U.S. at 139 n. 19). Allegations that these defendants maintain an office or designate an agent for service of process in New York are also insufficient. (*See* Compl. ¶¶ 15, 19). *See Chufen Chen* v. *Dunkin' Brands, Inc.,* 954 F.3d 492, 499-500 (2d Cir. 2020).

The Complaint also fails to establish specific jurisdiction, which requires that the plaintiff's claims "arise out of or relate to" the defendant's forum contacts. *See Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 272 (2017). Here, Plaintiff alleges that Mr. Desantis was a Colorado resident and that his alleged exposure occurred while working in Colorado, but she does not plead any facts connecting Mr. Desantis' claims to conduct in New York. Plaintiff's allegation that Defendants' products are "pervasively manufactured and used in New York" (Compl. ¶ 96) does not establish any nexus to Mr. Desantis' alleged injuries in Colorado. *See Sabol v. Bayer Healthcare Pharm.*, 439 F. Supp. 3d 131, 143 (S.D.N.Y. 2020). Because Plaintiff's claims arise entirely from out-of-state conduct, specific jurisdiction is lacking.

### B.      Defendants Intend to Move to Dismiss Counts I-V as Untimely

Defendants intend to move to dismiss Counts I-V as untimely under Colorado law, which applies pursuant to New York's borrowing statute, CPLR 202. Where, as here, "a nonresident sues on a cause of action accruing outside New York, CPLR 202 requires the cause of action to be timely under the limitation periods of both New York and the jurisdiction where the cause of action accrued." *IKB Deutsche Industriebank AG v. McGraw Hill Fin. Inc.*, 634 Fed. App'x 19, 21 (2d Cir. 2015) (quoting *Glob. Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 528 (1999)). Here, Plaintiff alleges that Mr. Desantis was a Colorado resident, and the Complaint indicates Plaintiff's claims accrued in Colorado. Compl. ¶¶ 1, 5, 28-29. Accordingly, Plaintiff's claims must be timely under both New York and Colorado law, Counts I-V are untimely under Colorado law.

Plaintiff's strict liability, negligence, fraud, and fraudulent concealment claims (Counts I-V) are untimely under Colorado's two-year statute of limitations. *See* C.R.S. § 13-80-106(1). Colorado law provides that such claims accrue when "both the injury and its cause are known or should have been known by the exercise of reasonable diligence." C.R.S. § 13-80-108(1).[4] Plaintiff alleges that Mr. Desantis was diagnosed with bladder cancer in August 2023 (Compl. ¶ 29), yet this action was not commenced until May 2026—more than two years later. At a minimum, the Complaint establishes that, by August 2023, Mr. Desantis knew of his alleged injury and had

---

[3] Plaintiff alleges that Clairol maintains a principal place of business in New York (Compl. ¶ 16), but that allegation is incorrect. To the extent necessary, Defendants intend to submit evidence to rebut Plaintiff's conclusory allegation, which is permissible on a Rule 12(b)(2) motion. *See Johnson v. UBS AG*, 791 Fed. App'x 240, 241 (2d Cir. 2019).

[4] C.R.S. § 13-80-108(2), which provides that "[a] cause of action for wrongful death shall be considered to accrue on the date of death," is not applicable because Plaintiff does not assert a wrongful death claim.

reason to investigate its cause. The Complaint, however, alleges no facts regarding what investigation was undertaken, when Plaintiff discovered the alleged connection between hair dye exposure and bladder cancer, or why that connection could not have been discovered through reasonable diligence. *See Miller v. Armstrong World Indus., Inc.*, 817 P.2d 111, 113 (Colo. 1991). Indeed, the Complaint relies on numerous scientific studies and publications spanning more than two decades that purportedly identified an association between occupational hair dye exposure and bladder cancer (*id.* ¶¶ 57-70), underscoring that the information Plaintiff now claims supports her causation theory was publicly available long before this action was filed.

The Complaint likewise fails to plausibly allege tolling. Although Plaintiff alleges in conclusory fashion that Defendants concealed risks associated with their products (*id.* ¶¶ 81-96), she does not allege what information was concealed from Mr. Desantis, when he learned of the alleged connection between hair dye exposure and bladder cancer, how he relied on any alleged concealment, or why he could not have discovered his claims through reasonable diligence. *See First Interstate Bank v. Piper Aircraft Corp.*, 744 P.2d 1197, 1201-02 (Colo. 1987). Nor does the Complaint allege that Defendants engaged in conduct that prevented timely filing or induced Plaintiff to delay suit. *See Samples-Ehrlich v. Simon*, 876 P.2d 108, 110-11 (Colo. App. 1994).

### C.     The Complaint Fails to State a Claim Under Federal Pleading Standards

Finally, Defendants intend to move to dismiss the Complaint for failure to state a claim under Rule 12(b)(6). *First*, Plaintiff's product liability claims (Counts I-III) fail because the Complaint does not identify any specific product that allegedly caused Mr. Desantis' bladder cancer. Instead, the Complaint collectively defines the "PRODUCTS" as a broad group of brands and products associated with the named Defendants. *See* Compl. ¶¶ 7, 21-22. To plausibly allege a product liability claim, a plaintiff must identify "a specified product." *See Tuosto v. Philip Morris USA Inc.*, 672 F. Supp. 2d 350, 366 (S.D.N.Y. 2009). *Second*, the Complaint relies on impermissible group pleading, asserting all substantive allegations against "Defendants" collectively. Such allegations "are routinely rejected by courts as insufficient to state a claim as to any particular defendant." *Abadi v. NYU Langone Health Sys.,* 714 F. Supp. 3d 387, 392 (S.D.N.Y. 2024). This defect is particularly fatal to Plaintiff's fraud claims (Counts IV and V), which must satisfy Rule 9(b)'s heightened pleading standard. *See Negrete v. Citibank, NA.*, 237 F. Supp. 3d 112, 122-23 (S.D.N.Y. 2017).

*Third*, Plaintiff fails to plead her fraud claims with particularity pursuant to Rule 9(b), which requires her to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Lerner v. Fleet Bank, NA.*, 459 F.3d 273, 290 (2d Cir. 2006). The Complaint does none of this. It identifies no specific fraudulent statements and instead relies on conclusory, undifferentiated allegations that "Defendants" misrepresented the safety of unspecified "PRODUCTS," often "upon information and belief." Compl. ¶¶ 125-132, 134-144.

*Fourth*, Plaintiffs GBL §§349 and 350 claim (Count VI) fails for multiple reasons. Most critically, Count VI fails because the statutes apply only to deceptive transactions in New York, and the Complaint alleges none. *See Kaufman v. Sirius XM Radio, Inc.*, 474 Fed. App'x 5, 9-10 (2d Cir. 2012).

The Hon. Naomi R. Buchwald
June 11, 2026
Page 4

Respectfully submitted,

**GALLO VITUCCI KLAR LLP**

_____

Bruce Friedman
711 Third Avenue, Suite 500
New York, NY 10017
Telephone: (212) 447-4620
bfriedman@gvlaw.com

*Attorneys for Defendant*
*John Paul Mitchell Systems*

**DLA PIPER LLP (US)**

_____

Cara D. Edwards
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4714
cara.edwards@us.dlapiper.com

*Attorneys for Defendants L'Oréal USA,*
*Inc. and L'Oréal USA Products, Inc.*

**VENABLE LLP**

_____

Tara L. Pehush
Alexandra E. Deitz
151 West 42nd Street, 49th Floor
New York, NY 10036
(212) 307-5500
TLPehush@Venable.com
AEDeitz@Venable.com

*Attorneys for Defendant*
*Wella Operations US LLC*